**Janice L. EAST, Plaintiff,**

v.

**B.L. LONG, et al., Defendants.**

**Civ. A. No. 92–AR–0449–M.**

United States District Court,
N.D. Alabama, M.D.

March 12, 1992.

See also 785 F.Supp. 945.

Myron K. Allenstein, Gadsden, Ala., for plaintiff.

F. Michael Haney, Inzer Stivender Haney & Johnson, Gadsden, Ala., for defendant B.L. Long dba B.L. Long Ins.

Thomas M. Eden, III, Bert S. Nettles, Spain Gillon Grooms Blan & Nettles, Birmingham, Ala., for defendant Congress Life Ins. Co.

## MEMORANDUM OPINION AND ORDER

ACKER, District Judge.

On March 11, 1992, Congress Life Insurance Company, the defendant which filed the notice of removal referred to in this court's memorandum opinion of March 4, 1992, responded to the said opinion, not by attempting to demonstrate that defendant, B.L. Long, was served with the summons and complaint in state court on or after January 22, 1992, as requested, but by admitting that Long was served with the summons and complaint "in late November 1991 and filed a Motion to Dismiss ... which was subsequently denied by Circuit Judge Cardwell [the state court judge] on January 3, 1992". Congress Life then avers that after it was served, its counsel "discussed with counsel for B.L. Long removal of the above styled action based upon ERISA preemption and counsel for B.L. Long stated that he had not previously considered that issue". Based on these undisputed facts, Congress Life would have this court conclude that "this action was removed by Congress Life within thirty (30) days of the time it was first ascertained that the case was removable as a federal question based upon ERISA preemption".

The mere fact, if it be a fact, that Long did not recognize the existence of a federal question and thus the removability of the action did not prevent the triggering of the thirty (30) day time period for removal of the case. The fact, if it be a fact, that it was not until Congress Life recognized the implication of ERISA likewise did not prevent the earlier running of the thirty (30) day time period for removing the case, which began on the date Long was served.

A secondary fatal defect in this removal now appears from the response filed by Congress Life on March 11, 1992. The procedure for removal, as provided by 28 U.S.C. § 1446(a), requires not only that "a short and plain statement of the grounds for removal" be included, but "a copy of all *process*, pleadings and *orders* served upon such defendant or defendants in such action". (emphasis supplied). A copy of the *order* of the state court denying Long's motion to dismiss was absent from the removal papers and is still absent, as is a copy of the process served on Long. The removal papers were therefore deficient.

There has been no proof demonstrating that Long was served with the summons and complaint in CV 91–086–WWC in the Circuit Court of Etowah County, Alabama, on or after January 22, 1992, as required by this court's opinion of March 4, 1992, and the proof is to the contrary. In accordance with this opinion and with the opinion of March 4, 1992, it appears that the case was removed improvidently and that this court is without jurisdiction. It is therefore ORDERED, ADJUDGED and DECREED, pursuant to 28 U.S.C. § 1447(c), that this case be and it is hereby REMANDED to the Circuit Court of Etowah County, Alabama, from whence it was removed. The Clerk is directed to

send a certified copy of this order to the Clerk of the Circuit Court of Etowah County, Alabama, together with a copy of all pleadings and orders filed after the removal.

Costs are taxed against the removing party.