**S.M., et al.**

**v.**

**Dennis JONES, Commissioner of the Texas Department of Mental Health and Mental Retardation, et al.**

**Civ. No. A–92–CA–339.**

United States District Court,
W.D. Texas,
Austin Division.

July 15, 1992.

Deborah C. Hiser, Advocacy, Inc., Richard A. Lavallo, Austin, Tex., for plaintiffs.

Dona G. Hamilton, Atty. General's Office, Austin, Tex., for defendants.

## ORDER

NOWLIN, District Judge.

Before the Court is the Plaintiffs' Motion to Remand, filed June 23, 1992. Having reviewed and considered this motion,[1] the Court is of the opinion that this motion should be GRANTED.

The Defendants have all affirmatively pleaded that they received notice of the state action on April 27, 1992. *See* Defendants' *Notice of Removal,* filed May 28, 1992, at 2. In their Notice of Removal, the Defendants assert, "The time has not elapsed within which Defendants are allowed to file this Notice of Removal of this action to this Court." *Id.* This assertion is wrong.

■ The caselaw interpreting the statutory provisions relevant to removal and remand mandate that the litigants strictly comply with the applicable procedural requirements therein, including the time limits. A leading treatise has stated:

The time limitations in [28 U.S.C.] Section 1446 are mandatory and must be strictly construed in accordance with the computation principles in Federal Rule of Civil Procedure 6. [These time limits] will not be extended by continuances, demurrers, motions to set aside service of process, pleas in abatement, stipulations, or court orders.

14A Wright, Miller and Cooper, *Federal Practice and Procedure,* § 3732, at 527–528 (2d ed. 1985) (footnotes omitted). The Fifth Circuit has recognized that an untimely filing of the petition for removal mandates remand under 28 U.S.C. § 1447(c). *See Royal v. State Farm Fire and Casualty Co.,* 685 F.2d 124, 126–127 (5th Cir.1982).

■ The day on which the notice of the state action was received, Monday, April 27, 1992, is excluded from the computation of the initial 30 day time period. *See* Fed. R.Civ.P. 6. Under the computation method established by Rule 6, the last day for a timely notice of removal was Wednesday, May 27, 1992. *See id.* The Defendants filed their notice of removal on the 31st day, Thursday, May 28, 1992. Under 28 U.S.C. § 1446(b), the Defendants' Notice of Removal was untimely.

■ Because the 28 U.S.C. § 1447(c) has been amended to impose a 30 day time limit upon parties to object to a procedural defect in the removal of a case, the Fifth Circuit has concluded that the party opposing the removal must object to any such procedural defect within this second 30 day period. *See In re Shell Oil Co.,* 932 F.2d 1523, 1527 (5th Cir.1991). Otherwise, by failing to object within this time period, the party waives its rights to object to a procedural defect in the removal of the case. *See id.* The Fifth Circuit strictly construes this 30 day limit for filing a motion to remand based upon a procedurally defective removal. *See id.; see also In re Shell Oil Co.,* 932 F.2d 1518, 1523 (5th Cir.1991). Additionally, once thirty days have elapsed after the filing of the removal petition, a federal district court cannot *sua sponte* remand a case because of a procedurally defective removal. *See Federal Deposit Insurance Corp. v. Loyd,* 955 F.2d 316, 322 and 323 (5th Cir.1992).

The Plaintiffs filed their Motion to Remand on June 23, 1992, well within the 30 day time limit imposed upon them by 28 U.S.C. § 1447(c). The Plaintiffs' motion is timely and meritorious.[2] A motion to remand a removed action must be made within thirty days after the filing of the notice

1. The Defendants, through their attorney of record the Attorney General of the State of Texas, did not respond to this motion within the applicable response time.

2. Because this Court is compelled to remand this case because of the untimely filing of the notice of removal, this Court does not decide the underlying federal question jurisdiction issues concerning the removal or remand.

of removal in the federal district court. *See* 28 U.S.C. § 1447(c).

The Fifth Circuit has demonstrated the strictness by which it adheres to both of the thirty day time limits involved in the removal and remand of cases. Although this Court might prefer less rigidity in the interpretation of the rule, this Court is bound by the holdings of the Fifth Circuit. Because the Circuit strictly applies both thirty day rules, the harshness of such "bright line" rules is ameliorated by the fairness and evenness in which the two rules are applied to the respective parties.

■ The removal was improper and because the defendants have not opposed the request for reasonable attorneys fees and expenses incurred by the plaintiffs as a result of the removal. This Court hereby finds that the plaintiffs are entitled to their reasonable attorney's fees and expenses incurred as a result of the defendants' improper removal.[3] *See* 28 U.S.C. § 1447(c). The parties should try to reach an agreement concerning the amount of expenses and fees to which the plaintiffs are entitled. Otherwise, this Court will entertain a request for fees by the plaintiffs pursuant to the law and the Local Rules of this Court.

ACCORDINGLY IT IS ORDERED that this cause is hereby REMANDED to the state court from which it was removed.

IT IS FURTHER ORDERED that the Defendants shall reimburse the plaintiffs for any fees and expenses that the plaintiffs incurred because of the improper removal by the Defendants.

---

**3.** "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." *See* 28 U.S.C. § 1447(c).