Wolfgang **LIEBIG** and Elke Liebig, Husband and Wife, Individually and as Parents and Natural Guardians of Joern Liebig, a Minor, Plaintiffs,

v.

Robert J. **DEJOY,** Robert Joseph Smith, and Christopher Satirakopulos, Defendants.

No. 92–234–CIV–FTM–17D.

United States District Court, M.D. Florida, Fort Myers Division.

Feb. 23, 1993.

Harry Armon Blair, Harry A. Blair, P.A., Ft. Myers, FL, for plaintiffs.

Vivianne A. Wicker, Wicker, Smith, Tutan, O'Hara, McCoy, Graham & Lane, P.A., Miami, FL, for defendants.

## ORDER ON PLAINTIFFS' MOTION FOR REMAND AND FOR ATTORNEY'S FEES

KOVACHEVICH, District Judge.

This cause came before the Court on Plaintiffs' Motion for Remand and Motion for Attorney's Fees filed on July 24, 1992. Upon review of the motions and supporting memorandum, as well as the responsive memorandum filed by Defendant, ROBERT J. DE-JOY (DeJoy), the Court finds that the defendant DeJoy concedes that the Motion for Remand should be granted since jurisdiction is proper in the state court. The Court also finds that the instant case should be remanded because the Notice of Removal was untimely. Furthermore, the Court finds that the Plaintiffs' Motion for Attorney's Fees should be granted since the Notice of Removal filed by DeJoy was both untimely and improper.

### BACKGROUND INFORMATION

On March 11, 1992, Plaintiffs filed a suit for personal injuries received in a boating accident against the defendants in the Circuit Court in and for Collier County, Florida. Defendant, ROBERT J. DEJOY, was served with the summons in the state court action

on June 8, 1992. DeJoy filed an answer to the Plaintiffs' complaint and a Notice of Removal to this Court on July 16, 1992, contending that jurisdiction was proper in this Court because the case was governed by admiralty law. Subsequently, in the Response to Motion for Remand and Motion for Attorney's Fees filed on August 25, 1992, DeJoy conceded that jurisdiction in this matter properly lies with the Circuit Court in and for Collier County, Florida pursuant to the "savings to suitors" clause of 28 U.S.C. Sec. 1333. Plaintiffs have requested that this Court enter an award of attorney's fees for the expenses necessitated by DeJoy's improper removal of the instant action to this court. Plaintiffs contend that the removal was improper because it was untimely, the federal court lacked subject matter jurisdiction, and DeJoy failed to account for the nonjoinder of other defendants in the Notice of Removal.

## DISCUSSION

### I. PLAINTIFFS' MOTION FOR REMAND

#### A. *Timeliness of Notice of Removal*

■ 28 U.S.C. Sec. 1446(b) provides that a "notice of removal of a civil action or proceeding shall be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . . ." This thirty-day time period is mandatory and may not be extended by the court. *Maybruck v. Haim*, 290 F.Supp. 721 (S.D.N.Y.1968). Since this time period is not jurisdictional, however, it may be waived by the parties by "affirmative conduct or unequivocal assent of a sort which would render it offensive to fundamental principles of fairness to remand." *Id.* at 723.

■ It is undisputed that DeJoy was served on June 8, 1992, and that the Notice of Removal was not filed until some thirty-eight days later. Although the pleadings do allude to some type of agreement to extend the deadline for responding to the Plaintiffs' Complaint, this defendant has failed to carry his burden of showing any affirmative conduct on the part of Plaintiffs which would

constitute a waiver of the mandatory thirty-day deadline for filing the Notice of Removal.

This Court entered an Order on July 28, 1992 finding that the Notice of Removal was filed in a timely manner, and Defendant has relied on this Order rather than briefing the issue of the timeliness of the Notice of Removal. After reconsideration, however, it appears that the Notice of Removal was clearly filed outside of the thirty-day period, and this Court's July 28, 1992, order finding the Notice of Removal timely is hereby vacated.

#### B. *Lack of Subject Matter Jurisdiction*

■ Since DeJoy has conceded that the "savings to suitors" clause of 28 U.S.C. Sec. 1333 provides that jurisdiction for this action is properly in the state court, the Notice of Removal is fatally defective and remand is proper.

#### C. *Failure to Indicate Status of Other Defendants*

■ It is well-established that all defendants must join in removing a state court action to federal court. *Miami Herald Publishing Co. v. Ferre*, 606 F.Supp. 122 (S.D.Fla.1984); *Crawford v. Fargo Manufacturing Co.*, 341 F.Supp. 762 (M.D.Fla.1972). There are exceptions to this rule, however, where additional defendants are "purely nominal or formal" or where the additional defendants have not yet been served. *Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressman & Assistants' Local 349*, 427 F.2d 325, 327 (5th Cir.1970); *P.P. Farmers' Elevator Company v. Farmers Elevator Mutual Insurance Company*, 395 F.2d 546, 547–8 (7th Cir.1968). Although the preferred practice is for a removing defendant to explain in its Notice of Removal why other defendants have not joined in the Notice, there is no clear authority that this failure constitutes a fatal defect in a Notice of Removal. *See, Leonard v. Kern*, 651 F.Supp. 263 (S.D.Fla.1986) (removing defendant's failure to account for other defendant could be a basis for denying removal); *P.P. Farmers'* at 548 (the status of a defendant who did not join in the removal was a controverted material issue which the removing defendant had a burden to prove in order to avoid a remand).

Since the Court has already determined that the Defendant's Notice of Removal was both untimely and that federal subject matter jurisdiction was lacking, there is no need to address whether the failure to account for the non-joinder of the other defendants was also fatal to the Defendant's removal.

## II. PLAINTIFFS' MOTION FOR ATTORNEY'S FEES

■ The Motion for Attorney's Fees is governed by 28 U.S.C. Sec. 1447(c), as amended in 1988, which provides that:

A motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal....

The award of attorney's fees and costs under this section is completely discretionary with the trial court. *IMCO USA, Inc. v. Title Insurance Company of Minnesota*, 729 F.Supp. 1322 (M.D.Fla.1990).

■ Prior to the amendment of Sec. 1447(c) in 1988, a showing of bad faith was required before attorney's fees would be awarded under this section since attorney's fees were not expressly provided for under the statute. *Schmidt v. National Organization for Women*, 562 F.Supp. 210 (N.D.Fla. 1983). In addition, the former Sec. 1447(c) required a finding that the Notice of Removal was improvidently filed before costs could be awarded. *Id.* The 1988 amendment to this statute, however, expressly provided for the award of attorney's fees and eliminated the requirement that a Notice of Removal be improvidently filed before costs could be awarded. Two Circuit Courts have recently considered the standard to be applied when awarding fees and costs under this section and have determined that a showing of bad faith is no longer necessary as a predicate to the award of attorney's fees, since the intent of the statute is to reimburse Plaintiffs who have incurred expenses in attacking improper removals. *Moore v. Permanente Medical Group, Inc.*, 981 F.2d 443 (9th Cir.1992); *Morgan Guaranty Trust Company of New York v. Republic of Palau*, 971 F.2d 917 (2d Cir.1992). Although DeJoy may have acted in good faith in filing his Notice of Removal, the Notice was both untimely and improper since the federal court lacked subject matter jurisdiction. Therefore, as a matter of fairness, Plaintiffs are entitled to recover from the Defendant, ROBERT J. DEJOY, the actual amount of the expenses incurred as a result of the improper removal of this action, including attorney's fees, subject to the approval of such award by this Court. Accordingly, it is

ORDERED that the order of July 28, 1992 (Docket No. 6) be vacated; Plaintiffs' Motion to Remand the instant case be GRANTED; and the Clerk of the Court for the Middle District of Florida be hereby directed to transfer this case to the Circuit Court in and for Collier County, Florida. Furthermore, the Plaintiffs' Motion for Attorney's Fees be GRANTED, and the Plaintiffs shall have ten (10) days from this date to submit to this Court a Bill of Costs and Attorney's Fees, indicating the actual expenses and attorney's fees incurred by the Plaintiffs with respect to resisting the improper removal of this action. Defendant, ROBERT J. DEJOY, shall have five (5) days to respond to the request.

DONE AND ORDERED.