**Ronald A. BRECH, Plaintiff,**

v.

**PRUDENTIAL INSURANCE COMPANY OF AMERICA, et al., Defendants.**

Civ. A. No. 93–D–874–N.

United States District Court,
M.D. Alabama, N.D.

Dec. 17, 1993.

Wilson Daniel Miles, III, Montgomery, AL, Charles H. Morris, III, Selma, AL, Jere L. Beasley, Montgomery, AL, for plaintiff.

Thomas S. Lawson, Jr., James N. Walter, Jr., Rachel D. Sanders, Montgomery, AL, for defendants.

## MEMORANDUM OPINION AND ORDER

De MENT, District Judge.

This matter is now before the court on plaintiff Ronald A. Brech's motion to remand, filed August 10, 1993. Defendants filed their response on August 23, 1993. Plaintiff then filed a supplemental brief to his motion on September 20, 1993, and the defendants filed their reply on September 27, 1993. After careful consideration of the above briefs, the court finds that plaintiff's motion to remand is due to be granted.

### Facts

Plaintiff originally filed suit in the Circuit Court of Montgomery County alleging state law claims of fraud, misrepresentation, and breach of contract. The defendants removed the action to this court on July 14, 1993, asserting that plaintiff's claims were preempted by ERISA. Plaintiff now seeks to remand the case.

Plaintiff Ronald A. Brech is sole proprietor of Brech Marine & Supply Company of Selma. In October 1992, Ronald Brech became covered under a group insurance policy purchased by his company Brech Marine & Supply from defendant Prudential Insurance Company. Previously, plaintiff was insured under a health plan provided through Blue Cross and Blue Shield of Alabama. Brech switched coverage from Blue Cross to Prudential Insurance Co. of America ("Prudential") based on representations by Prudential's agent Thomas Cammack that Prudential's coverage was better and more affordable. Plaintiff was later injured and denied coverage under the Prudential policy. Plaintiff then filed this action.

For the purposes of the motion to remand, the court is only concerned with the nature of the policy issued by Prudential in order to determined whether ERISA preempts the plaintiff's claims. The Prudential insurance policy was a group plan established and maintained by Brech Marine & Supply that provided certain benefits to the employees of the company.[1] As stated earlier, the sole proprietor of Brech Marine & Supply is plaintiff Ronald A. Brech. The group plan issued to the company was entitled the "Employees Benefits Program" and both Randy and Michael Brech were enrolled under this policy. Also covered under this group plan was plaintiff Ronald Brech and his wife, Peggy Brech.

---

1. The only employees of the company were the plaintiff's two sons, Michael and Randy Brech.

## Discussion

■ It is well-settled that the defendants, as the parties removing an action to federal court, have the burden of establishing federal jurisdiction. *Sullivan v. First Affiliated Secs.*, 813 F.2d 1368 (9th Cir.1987), *cert. denied*, 484 U.S. 850, 108 S.Ct. 150, 98 L.Ed.2d 106 (1987). Because the removal statutes are strictly construed against removal, generally speaking, all doubts about removal must be resolved in favor of remand. *See Shamrock Oil and Gas Corp. v. Sheets*, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); *Butler v. Polk*, 592 F.2d 1293 (5th Cir.1979); *Paxton v. Weaver*, 553 F.2d 936 (5th Cir. 1977).

ERISA broadly preempts state law claims relating to employee benefit plans brought by ERISA participants and beneficiaries. 29 U.S.C. § 1144(a); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987). The defendants assert that ERISA preempts plaintiff's state law claims because the claims "relate to" an employee benefit plan, i.e. Prudential's "Employee Benefits Program" issued to Brech Marine & Supply. Plaintiff argues that ERISA does not preempt his cause of action because no employee benefit plan was established or, in the alternative, plaintiff is not a "participant" in an employee benefit plan and therefore, ERISA does not preempt this action.

### A. Did Brech Establish an Employee Benefit Plan for His Employees?

To decide whether ERISA preempts plaintiff's state law claims, the court must first determine if an "employee benefit plan" was established as required for ERISA coverage. 29 U.S.C. § 1002(1) defines an "employee welfare benefit plan" as:

> any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that such a plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment, or vacation benefits, apprenticeship or other training programs, or day care centers, scholarship funds, or prepaid legal services, . . . .

29 U.S.C. § 1002(1). In interpreting this statute, the Eleventh Circuit broke down the definition of an "employee benefit plan" under § 1002(1) into five essential elements: (1) a plan, fund, or program; (2) established or maintained; (3) by an employer or by an employee organization, or by both; (4) for the purpose of providing medical, surgical, . . ., unemployment or vacation benefits, . . .,; (5) to participants or their beneficiaries. *Donovan v. Dillingham*, 688 F.2d 1367 (11th Cir.1982).

■ Plaintiff asserts that no employee benefit plan was established because there are no "participants" as defined by ERISA.[2] More specifically, the plaintiff states that his act of purchasing a group insurance policy under which himself, his wife, and his two sons are covered did not create an employee benefit plan, although done under the color of his commercial stature as Brech Marine & Supply. He argues that his sons are not "participants," but instead are insured in their status as dependents of plaintiff, rather than employees of Brech Marine & Supply.

In support of his assertions, plaintiff cites *Fugarino v. Hartford Life and Accident Insurance Company*, 969 F.2d 178 (6th Cir. 1992), *cert. denied* —— U.S. ——, 113 S.Ct. 1401, 122 L.Ed.2d 774 (1993). In *Fugarino*, the court held that neither the sole proprietor nor his wife can qualify as participants in an ERISA plan. The court further held that the proprietor's 17 year old son was insured under the policy in his status as a dependent and not as an employee of the plaintiff's restaurant. Brech argues that his sons, 22 and 32 years of age, as in *Fugarino*, are also insured as dependents of plaintiff and not as employees of the company.

2. The only requirement of the *Donovan* test at issue in this case is whether there were "participants" under an insurance policy covered by ERISA. Thus, the court need not address the other elements in the *Donovan* test and will assume that those elements are present.

29 U.S.C. § 1002(7) defines "participant" as "any employee or former employee of an employer, . . . , who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer. . . ." 29 U.S.C. § 1002(7) (1993). The sons clearly are employees of Brech Marine & Supply and not dependents of Brech. On the insurance enrollment forms, both men marked the box labeled "employee" when they identified the type of health care coverage. [Def.'s Ex. 1 and 2]. Also, Prudential issued both sons certificates of insurance separate from their father, Ronald Brech. "[A] 'plan, fund, or program' under ERISA is established if from the surrounding circumstances a reasonable person can ascertain the intended benefits, a class of beneficiaries, the source of financing, and procedure for receiving benefits." *Donovan*, 688 F.2d at 1373. Obviously, a reasonable person could conclude from the surrounding circumstances that the intended benefit was health insurance coverage and the class of beneficiaries were the employees of Brech Marine & Supply who happened also to be the sons of the Ronald Brech. The intentions of plaintiff clearly were to provide insurance coverage for his sons in their role as employees, not as dependents. It would be quite a leap from *Fugarino* to allow both the 22 and 32 year old sons to be entitled to the status of dependent. Consequently, while there were found to be no "participants" in *Fugarino*, the plaintiff's adult sons are "participants" under the *Donovan* test. The sons are employees of Brech Marine & Supply and as such, are considered "participants" under ERISA. Therefore, the court finds that Brech Marine & Supply established an employee benefit plan for its employees. *See Donovan*, 688 F.2d at 1371.

### B. Was Brech's Prudential Insurance Coverage Part of an Employee Benefit Plan?

The court having determined that an employee benefit plan exists, must now decide whether ERISA preempts plaintiff's claims. The defendants have set forth two basic arguments that supports their contention that ERISA preempts plaintiff's state law claims. First, defendants assert that Ronald Brech is himself a "participant" under the employee benefit plan and thus ERISA preempts the state law claims. In the alternative, they argue that, even if Brech is not a "participant", ERISA would still preempt plaintiff's state law claims because the claims "relate to" an employee benefit plan. Plaintiff contends that ERISA cannot preempt his claims because he is not considered a "participant" under the employee benefit plan.

### 1. Employer Status

■ The defendants have argued that Brech, even though he is a sole proprietor, can still be a participant under an employee benefit plan. Specifically, defendants argue that Brech occupies a dual status as both an employer and employee and as such, Brech can be a participant. In support of this argument, defendants cite *Dodd v. John Hancock Mutual Life Insurance Company*, 688 F.Supp. 564 (E.D.Cal.1988). In *Dodd*, the court found that "an owner of a corporation who is also an employee of the corporation shall be treated as an employee for purposes of determining whether the owner is a participant in such a plan within the meaning of ERISA." *Dodd*, 688 F.Supp. at 571. Though this case is persuasive, and with all deference, the court declines to follow it. A quick review of the other circuits clearly demonstrates that *Dodd* represents the minority rule in these circumstances.

In *Kwatcher v. Massachusetts Service Employees Pension Fund*, 879 F.2d 957 (1st Cir.1989), the court held that "employee" and "employer" are "plainly meant to be separate animals; . . . , the twain shall never meet." *Kwatcher*, 879 F.2d at 959. The court surveyed the other circuits who had addressed the issue, including the *Dodd* court, and concluded that:

> Viewed through whatever glass, the impact of ERISA on dual-status individuals looks the same. The language of Part I, its legislative history, and the appurtenant regulations all reflect the conclusion that sole shareholders are "employers," and therefore cannot be "employees" for purposes of plan participation. The weight of the better-reasoned caselaw is in accord,

and the policies which undergird ERISA are more effectively served by such a rule.

*Id.* at 963. (emphasis added). *See, Meredith v. Time Ins. Co.,* 980 F.2d 352 (5th Cir.1993) (under ERISA, owner of business cannot simultaneously be employer and employee); *Fugarino v. Hartford Life & Accident Ins. Co.,* 969 F.2d 178 (6th Cir.1992) (sole proprietor is employer rather than employee); *Giardono v. Jones,* 867 F.2d 409, 411 (7th Cir.1989) ("employer cannot ordinarily be an employee or participant under ERISA"); *Peckham v. Bd. of Trustees of the Int'l Bhd. of Painters and Allied Trades Union,* 653 F.2d 424 (10th Cir.1981) (sole proprietors precluded from dual status as employer-employee under ERISA); *Kelly v. Blue Cross & Blue Shield,* 814 F.Supp. 220 (D.R.I.1993) (holding that despite the fact that the sole proprietor worked for the corporation, as an employer, she cannot occupy employee status under ERISA). Though Ronald Brech worked for Brech Marine & Supply as sole proprietor of the company, he is also an employer. Following the reasoning in *Kwatcher,* the court finds that as owner-employee, plaintiff cannot be a participant for purposes of ERISA.

## 2. Relation to an Employee Benefit Plan

■ Having found that Brech Marine & Supply established an employee benefit plan and that for purposes of ERISA coverage plaintiff Brech was not a participant in the plan, the court now addresses defendants' final argument. The defendants assert that, even though plaintiff Brech is not a participant, plaintiff's state law claims are still preempted by ERISA because the claims "relate to" an employee benefit plan. 29 U.S.C. § 1144(a) states that ERISA "shall supersede any and all State laws insofar as they may now or hereafter **relate to** any employee benefit plan...." 29 U.S.C. § 1144(a) (1985). (emphasis added). As stated earlier, § 1144(a) has been interpreted as giving ERISA broad preemption powers. "The key to [§ 1144(a) ] is found in the words 'relate to.' Congress used those words in their broad sense, rejecting more limited pre-emption language that would have made the clause 'applicable only to state laws relating to the specific subjects covered by ERISA.'" *Ingersoll–Rand Co. v. McClendon,* 498 U.S. 133, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990).

With such a sweeping preemption clause, at first glance, it would appear that the court's determination that plaintiff established an employee benefit plan governed by ERISA would preempt plaintiff's state law claims because the claims would "relate to" an employee benefit plan. However, the court concludes that Brech established an employee benefit plan for his employees. The court finds that Brech did not receive his coverage as part of that plan.

"Congress enacted ERISA to protect working men and women from abuses in the administration and investment of private retirement plans and employee welfare plans." *Donovan,* 688 F.2d at 1370. "The gist of ERISA's definitions of employer, employee organization, participant, and beneficiary is that a plan, fund, or program falls within the ambit of ERISA only if the plan, fund, or program covers ERISA participants because of their **employee status** in an employment relationship, and an employer or employee organization is the person that establishes or maintains the plan, fund, or program." *Id.* at 1371. (emphasis added). "Employee benefit plans exist solely for the advantage of employees, and employers should not partake in plan benefits from the inception of such plans." *Kelly v. Blue Cross & Blue Shield,* 814 F.Supp. 220, 227 (D.R.I.1993). "It is clear that Congress defined 'employee welfare benefit plan' with the purpose of providing protection for *employees,* not employers." *Kelly,* 814 F.Supp. at 228. Although not explicitly stated in the definition of an "employee welfare benefit plan," the court finds that, as an employer, Ronald Brech's Prudential coverage does not fall within the parameters of the "plan, fund, or program" established or maintained by Brech Marine & Supply and thus, his state law claims do not relate to an "employee welfare benefit plan."

In *Kelly*, the husband of Regina Kelly[3], sole owner of Academic Enterprises, Inc., brought state law claims against Blue Cross & Blue Shield of Rhode Island ("Blue Cross") for failure to reimburse Kelly for the cost of her medical treatment. Kelly was the sole owner and Chairman of the Board of Directors of Academic Enterprises. Her health insurance contract was paid entirely by Academic Enterprises and was part of a group insurance contract that also covered employees of the company. Blue Cross argued that the group insurance policy under which Kelly was covered was an employee benefit plan and therefore, all of Kelly's state law claims were preempted by ERISA. The court rejected Blue Cross's argument. The court concluded that even though Academic Enterprises had established an employee benefit plan as to their employees, Kelly's policy was not part of the employee benefit plan, even though the policy was part of the same group insurance coverage offered to employees. The court found that:

> in order to strictly "divorce owner-employees from plan participation, [Kelly's] policy should not be treated as part of the employee benefit plan. Rather, since corporations can purchase insurance for persons who, under ERISA, are considered employers, the Court determines that Academic Enterprises's payment of premiums to Blue Cross on behalf of Regina Kelly created a contractual relationship governed by state laws. Therefore, ERISA does not preempt plaintiff's state law claims....

*Kelly*, 814 F.Supp. at 228–229. (citations omitted).

The court in *Kelly* reasoned that "[f]irst, the mere fact that an employer is enrolled in the same group insurance policy purchased to provide benefits to employees does not necessarily mean that her insurance policy is part of the employee benefit plan." *Id.* at 228. After all, the court stated that "an insurance policy, ..., is not the same thing as the ERISA plan, it is merely evidence of the establishment of such a plan." *Id.* (citing *Dodd v. John Hancock Mut. Life Ins. Co.*, 688 F.Supp. 564 (E.D.Cal.1988)); *see Dono-*

*van*, 688 F.2d at 1373. Second, the court stated that the purpose of ERISA suggests that:

> an employer's policy is not part of the ERISA plan. Congress made 'employee benefit plans' the cornerstone of ERISA protection, applying ERISA only to benefits derived from such plans. It is clear that Congress defined "employee welfare benefit plan" with the purpose of providing protection for *employees*, not employers.... Additionally, as part of the program to protect employees' assets, an anti-inurement section insures that employers are excluded from receiving any assets of an employee benefit plan. The First Circuit has noted, "[t]he legislative history leaves little doubt that the anti-inurement rule should be construed to keep as strict a separation as practicable between employers and the funds set aside to benefit employees."

*Kelly*, 814 F.Supp. at 228. (citations omitted).

This court adopts the reasoning of *Kelly*. Brech Marine & Supply purchased a group insurance policy in which separate certificates of insurance were issued to Ronald Brech and his two sons. The court concludes that the insurance policy covering Ronald Brech is not part of an ERISA plan. The purpose of ERISA was to provide protection to employees, not employers. The finding by the court that Brech Marine & Supply established an employee benefit plan for its **employees** does not mean that plaintiff's insurance policy was part of that ERISA plan. The primary purpose of ERISA was to in fact divorce employers from plan participation.

The defendants rely heavily on *Sanson v. General Motors Corp.*, 966 F.2d 618 (11th Cir.1992), *cert. denied* — U.S. ——, 113 S.Ct. 1578, 123 L.Ed.2d 146 (1993). In *Sanson*, an ex-employee of General Motors (GM) brought a state law action for fraudulent misrepresentation. Sanson alleged that GM fraudulently represented to him that benefits under a special retirement program would not be offered to GM employees. Based

---

**3.** The husband brought this action as personal representative of Regina Kelly's estate.

upon those representations, Sanson retired under the standard retirement program. Shortly after his retirement, GM offered the special retirement program to their employees. The court held that ERISA preempted the state law claim because it related to an employee benefit plan. However, the court would not allow Sanson to amend his complaint to assert a claim under ERISA because as an ex-employee, Sanson was not considered a participant under the ERISA plan.

Defendants argue that *Sanson* clearly demonstrates that ERISA preempts all state law claims that relate to an employee benefit plan even if a party is not considered a participant under that plan. Therefore, defendants assert that even though Brech is not a participant under the employee benefit plan, his state law claims are still preempted by ERISA.

*Sanson* is clearly distinguishable. In *Sanson*, the court held that the misrepresentations related to Sanson's retirement benefits available under GM's special retirement benefit plan, **an ERISA-covered plan.** However, in this case, as in *Kelly*, plaintiff's state law claims do not relate to an ERISA plan because his insurance policy is not part of the employee benefit plan. The Prudential group plan is an employee benefit plan covered by ERISA as to the **employees** of Brech Marine & Supply. The court has determined that, as an employer, Ronald Brech's Prudential Insurance coverage did not fall within the parameters of the "plan, fund, or program" established or maintained by Brech Marine & Supply. Therefore, Brech's state law claims do not relate to an employee benefit plan and are not preempted by ERISA. Congress did not intend persons such as Ronald Brech as owner of the corporation which created the employee benefit plan to enjoy the rights and remedies of ERISA. *See Kelly,* 814 F.Supp. 220 (D.R.I. 1993).

Therefore, this court finds that, although Brech Marine & Supply bought Ronald Brech's policy in the same manner as it purchased policies for its employees, his policy should not be treated as part of the employee benefit plan. As discussed earlier, an insurance policy is not the same thing as the ERISA plan. *Donovan,* 688 F.2d at 1373. Rather, since corporations can purchase insurance for persons who, under ERISA, are considered employers, the court determines that Brech Marine & Supply's purchase of the insurance policy from Prudential on behalf of Ronald Brech created a contractual relationship governed by state law.

Accordingly, it is CONSIDERED and ORDERED that plaintiff Ronald A. Brech's motion to remand be and the same is hereby GRANTED. The clerk of the court is hereby DIRECTED to take the appropriate steps to effectuate said remand.