**Winton C. SMITH, Jr. and Marilyn Smith, Plaintiffs,**

v.

**CENTRAL BENEFITS NATIONAL LIFE INSURANCE COMPANY; and Insurance Planning and Service Company, Inc., Defendants.**

No. 94–2119 M1/A.

United States District Court,
W.D. Tennessee.

June 29, 1994.

Howard B. Hayden, Evensky & Hayden, Memphis, TN, for plaintiff.

Louis Jay Miller, CBN–Waring Cox, Memphis, TN, for defendant.

### ORDER GRANTING PLAINTIFFS' MOTION TO DISMISS AND REMAND

McCALLA, District Judge.

Before the court is plaintiffs' motion to dismiss and remand, filed April 19, 1994. The court conducted a hearing on the motion on Friday, June 24, 1994. For those reasons stated in open court during that hearing and for reasons stated below, plaintiffs' motion is GRANTED.

Plaintiffs filed suit in Circuit Court of Tennessee for the Thirtieth Judicial District at Memphis (docket no: 58746 T.D.) seeking benefits allegedly due, for their daughter's inpatient psychiatric care, under a group medical insurance policy purchased from the defendant Central Benefits Life Insurance Company and administered by defendant Insurance Planning and Service Company, Inc. Plaintiff, Winton C. Smith, Jr., is a licensed attorney in the State of Tennessee and is a sole practitioner maintaining an office in Memphis. Plaintiffs' daughter is covered under the insurance policy at issue based upon

her status as the plaintiffs' dependent and not as an employee.

Defendants filed a Notice of Removal on February 11, 1994, under the provisions of 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e) asserting that this case "is one which may be removed ... pursuant to the provisions of 28 U.S.C. § 1441, in that it is a civil action arising under the laws of the United States and is a civil action by a participant or beneficiary in an employee welfare benefit plan to recover benefits allegedly due them pursuant to said plan, as to which the courts of the United States have original jurisdiction."

Plaintiffs filed a motion to dismiss and remand on April 19, 1994, asserting that the controlling law in the Sixth Circuit directs that the insurance policy purchased by Winton C. Smith, Jr., as a sole proprietor, is not governed by ERISA and thus, this court lacks subject matter jurisdiction.

The Sixth Circuit in *Fugarino v. Hartford Life and Acc. Ins. Co.,* 969 F.2d 178, 186 (6th Cir.1992), determined that a sole proprietor of a restaurant, whose group health insurance plan included coverage of himself, his wife and son, was not a "participant" or "beneficiary" under ERISA and, therefore, state law applied. Additionally, the court found that plaintiff's son was covered under the policy as a dependent and not as an employee of the restaurant and, thus, he was also not a "participant" or "beneficiary" under ERISA.

This case seems to be consistent with the holding of the majority of courts that a sole business owner cannot ordinarily be an "employee" or "participant" under ERISA. *See Brech v. Prudential Ins. Co. of America,* 845 F.Supp. 829, 832 (M.D.Ala.1993). At least one court has, however, drawn a distinction between a sole proprietorship and a sole shareholder of a corporation. *Madonia v. Blue Cross & Blue Shield of Virginia,* 11 F.3d 444, 449 (4th Cir.1993).

In the instant case, plaintiff Winton C. Smith, Jr., acquired insurance for his law practice as a sole practitioner and claimed his daughter as a dependent and not as an employee. Thus, under the prevailing law, it appears that neither plaintiffs nor their daughter are "participants" or "beneficiaries" under an ERISA plan, and therefore, their insurance policy is governed by state law. Accordingly, plaintiffs' motion to dismiss this matter and for remand is GRANTED.

SO ORDERED this 28 day of June, 1994.