Howard V. BARTON, Plaintiff,

v.

LLOYD'S OF LONDON,
et al., Defendants.

Civ. A. No. 95–D–249–N.

United States District Court,
M.D. Alabama,
Northern Division.

March 22, 1995.

William G. McKnight, Montgomery, AL, for plaintiff.

Constance A. Caldwell, Montgomery, AL, Alexis J. Rogoski, Chicago, IL, R. Scott Williams, Birmingham, AL, for defendants.

## MEMORANDUM OPINION AND ORDER

De MENT, District Judge.

Before the court is plaintiff Howard V. Barton's motions filed March 3, 1995, to remand this action to the Circuit Court of Montgomery County, Alabama, and to award costs and attorney fees expended on his remand motion. Defendant Gary Leonard Griffiths (hereafter "Griffiths") filed a response on March 17, 1995. After careful consideration of the arguments of counsel, the record as a whole and the relevant case-law, the court finds that the plaintiff's motion to remand is due to be granted and that the plaintiff's motion for an award of costs and attorney fees is due to be denied.

## FACTS

The plaintiff filed this action on January 6, 1995, in the Circuit Court of Montgomery County, Alabama, seeking monies allegedly owed under an insurance policy. The defendants named in the caption of the complaint are Lloyd's of London, "certain underwriters" at Lloyd's of London, as well as fictitious parties "responsible for payment of defense costs." The plaintiff alleges that the defendants procured a liability insurance policy, which provided coverage for the plaintiff's costs in defending a lawsuit styled "*Stanley v. Barton v. Old Republic, et al.,* CV–90–840–TH, Montgomery County Circuit Court." Pl.'s Compl. at ¶¶ 1, 2.

On January 20, 1995, an agent of defendant Lloyd's of London received via certified mail a copy of the summons and complaint. On February 22, 1995, Griffiths, "on his own behalf and on behalf of all other underwrit-

ers," filed a notice of removal pursuant to 28 U.S.C. § 1441(a).[1] *See* Notice of Removal. Therein, Griffiths asserts that he timely filed a notice of removal and that subject matter jurisdiction is proper under 28 U.S.C. § 1332(a), because the amount in controversy exceeds $50,000 and the dispute is between citizens of different states. Subsequently, the plaintiff timely filed a motion to remand.

## DISCUSSION

### I. The Motion to Remand

In support of the motion to remand, the plaintiff argues that Griffiths failed to timely file a notice of removal. Griffiths essentially concedes that remand is proper in this case, stating that "[t]here is no valid reason to object to the granting of the Motion to Remand[.]"[2] Def.'s "Response to Show Cause Order" at 2.

28 U.S.C. § 1446(b) provides the timetable for filing a notice of removal. The statute requires the removing party to file notice "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." While not jurisdictional, the thirty-day time limitation must be strictly construed, *see Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941), and is not subject to an extension by consent of the parties or order of the court. *See S.M. v. Jones*, 794 F.Supp. 638, 639 (W.D.Tex.1992); *Liebig v. Dejoy*, 814 F.Supp. 1074, 1076 (M.D.Fla. 1993).

Here, the thirty-day time limit began to run on January 20, 1995. *See East v. Long*, 785 F.Supp. 945, 946 (N.D.Ala.1992) and expired on February 20, 1995.[3] Two days later on February 22, 1995, Griffiths filed a notice of removal. In applying the rule of strict construction, the court finds that Griffiths' failure to file a notice of removal within the thirty-day window requires the court to remand the action.

### II. Motion to award costs and attorney fees

The plaintiff also seeks an award of costs and attorney fees under 28 U.S.C. § 1447(c), which provides, in pertinent part, that "an order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal...." Whether or not to award attorney fees and costs is within the sole discretion of the trial court. *IMCO USA, Inc. v. Title Ins. Co. of Minnesota*, 729 F.Supp. 1322, 1324 (M.D.Fla.1990) (stating that "[t]o construe the statutory provision in any other manner would always result in the prevailing party who moved for remand being awarded fees and/or costs").

In 1988 Congress implemented several statutory changes to the federal removal procedures. Significantly, the 1988 amendments to 28 U.S.C. § 1447(c) expand the trial court's discretion to award attorney fees when a defendant improvidently removes a case.[4] In exercising discretion, some courts have awarded costs and attorney fees for untimely removal without regard to the defendant's state of mind. *See Liebig*, 814

---

**1.** 28 U.S.C. § 1441(a) provides in part: "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the place where such action is pending."

**2.** In Griffiths' notice of removal, he asserts that the plaintiff effectuated service of the summons and complaint on January 23, 1995. After "investigat[ing] the circumstances surrounding the date of service," however, Griffiths admits that a copy of the summons and complaint was in fact received on January 20, 1995. "Response to Show Cause Order" at ¶¶ 4, 6. Griffiths contends that his untimely filing was "inadvertent and based upon the good faith acceptance of

information received" from the law firm of Lord, Bissell & Brook, the agent designated to receive service of process on behalf of many of the underwriters at Lloyd's of London. *Id.* at ¶¶ 5, 8.

**3.** In calculating the thirty-day time period for filing a notice of removal, the date on which the defendant receives the summons and complaint is excluded from the computation. *See* Fed. R.Civ.P. 6(a). Application of Rule 6(a) of the *Federal Rules of Civil Procedure* establishes that the last day for timely removal would have been February 20, 1995.

**4.** While the previous version of § 1447(c) provided for awarding costs, the discretion to award attorney fees is new.

F.Supp. at 1077; *S.M.*, 794 F.Supp. at 640[5]; *see generally Miranti v. Lee*, 3 F.3d 925 (5th Cir.1993).

Here, the court is reluctant to award costs and attorney fees when from aught that appears, Griffiths acted reasonably on the basis of the information available to him at the time of removal. As in *IMCO USA, Inc.*, Griffiths "has assured the Court that [his] attempted removal of this cause was done in bona fide good faith." 729 F.Supp. at 1324. Accordingly, the court finds that the award of costs and attorney fees incurred as a result of the plaintiff's motion to remand is inappropriate in this case.

### CONCLUSION

Accordingly, it is CONSIDERED and ORDERED that this cause be and the same is hereby REMANDED to the Circuit Court of Montgomery County, Alabama. The clerk is DIRECTED to take all steps necessary to effect said remand.

It is further CONSIDERED and ORDERED that the plaintiff's motion for costs and attorney fees be and the same is hereby DENIED.

---

5. In *S.M.*, the trial court awarded attorney fees and costs, "because the defendants have not opposed the request for reasonable attorneys fees and expenses incurred by the plaintiffs as a result of the removal." *Id.* The present case is distinguishable, as Griffiths has objected to the award of such costs and fees and has attested that he acted in good faith.