**Frank W. DANIEL, Sr., Plaintiff,**

v.

**UNITED WISCONSIN LIFE INSURANCE COMPANY, American Medical Security, Inc., and the Prescription for Good Health Trust, Defendants.**

**No. CIV. A. 00–T–71–N.**

United States District Court,
M.D. Alabama,
Northern Division.

Feb. 25, 2000.

Randy A. Myers, Jordan, Myers & Locklar, P.C., Montgomery, AL, for Frank W. Daniel, Sr., plaintiff.

Lynn Etheridge Hare, Kori L. Clement, Hare, Hair & White, PC, Birmingham, AL, for United Wisconsin Life Insurance Company, American Medical Security, Inc., The Prescription for Good Health Trust, defendants.

## ORDER

MYRON H. THOMPSON, District Judge.

Plaintiff Frank W. Daniel, Sr. filed this lawsuit in the Circuit Court of Montgomery County, Alabama against defendants United Wisconsin Life Insurance Company, American Medical Security, Inc., and Prescription for Good Health Trust alleging Alabama state-law claims of breach of contract, bad faith, and deceitful misrepresentation. The defendants removed the lawsuit to this court under 28 U.S.C.A. § 1441(a), based on diversity-of-citizenship jurisdiction, 28 U.S.C.A. § 1332. This lawsuit is currently before the court on Daniel's motion to remand. For the reasons that follow, the court will grant the motion.

## I. FACTUAL SUMMARY

The facts, as alleged by Daniel, are as follows: In July 1996, Daniel purchased health insurance policies for himself, his wife, and his children from the defendants.[1] Before selling Daniel the policies, the defendants' agent told Daniel that, because premium rates are pooled geographically, the premiums on the policies would not significantly increase if Daniel or his family members made any large claims against the policies.[2]

From July 1996 until March 1999, Daniel did not file any significant claims against the policies and his premiums increased only modestly.[3] In March 1999, however, Daniel's wife suffered a severe stroke, which resulted in Daniel incurring medical bills exceeding $ 300,000.[4] Although these bills were for claims covered by the policies, the defendants refused to pay some of the bills, initially refused to approve some of his wife's health care providers, charged Daniel copayments when none were due under the policies, and refused to pay for rehabilitation that was medically necessary for his wife.[5]

In June 1999, Daniel received a premium statement from the defendants, which showed that the premiums on the policies had increased approximately 100% over the prior month's premiums.[6] Furthermore, the premium increase was not based on a pooled geographic rate.[7] Even so, Daniel paid the new premiums because his wife was otherwise uninsurable at that point in time.[8]

On or about December 17, 1999, Daniel filed this lawsuit in the Circuit Court of Montgomery County, Alabama against the defendants. The defendants filed a notice of removal in this court on January 24, 2000. Daniel filed a motion to remand on February 2, 2000.

## II. REMAND STANDARD

 The party seeking removal has the burden of establishing federal jurisdiction. *See Diaz v. Sheppard,* 85 F.3d 1502, 1505 (11th Cir.1996), *cert. denied,* 520 U.S. 1162, 117 S.Ct. 1349, 137 L.Ed.2d 506 (1997); *Brech v. Prudential Ins. Co. of Am.,* 845 F.Supp. 829, 831 (M.D.Ala.1993).

---

1. *See* Plaintiff's complaint, filed December 17, 1999, in the Circuit Court of Montgomery County, Alabama, ¶¶ 3–5.

2. *See id.* ¶ 5.

3. *See id.* ¶ 6.

4. *See id.* ¶ 7.

5. *See id.* ¶ 8.

6. *See id.* ¶ 9.

7. *See id.*

8. *See id.*

"Because the removal statutes are strictly construed against removal, generally speaking, all doubts about removal must be resolved in favor of remand." *Brech*, 845 F.Supp. at 831; *see also Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir.1994).

## III. DISCUSSION

Daniel contends that this lawsuit should be remanded because the defendants did not file their notice of removal within 30 days of receiving his complaint, as required by 28 U.S.C.A. § 1446(b).[9] Specifically, according to Daniel, the defendants received his complaint on December 22, 1999, but did not file their notice of removal until January 24, 2000, 33 days later.[10]

The defendants agree that they received Daniel's complaint on December 22, 1999, and that they did not file their notice of removal until January 24, 2000.[11] The defendants, however, argue that, because Daniel served his complaint on them by mail, Federal Rule of Civil Procedure 6(e) extends by three days the 30-day period prescribed by 28 U.S.C.A. § 1446(b) in which they were required to file a notice of removal, thereby allowing them a total of 33 days from the date they received Daniel's complaint to file a notice of removal.[12] Accordingly, the defendants contend that their notice of removal was timely filed and that Daniel's motion to remand should be denied.[13]

A notice of removal must be filed "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based" 28 U.S.C.A. § 1446(b). Rule 6(e) extends by three days the prescribed filing period when the commencement of the prescribed period is triggered by the mailing of a document. The rule states:

"Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon the party and the notice or paper is served upon the party by mail, 3 days shall be added to the prescribed period."

**9.** *See* Plaintiff's motion to remand, filed February 2, 2000, ¶¶ 2–3.

**10.** *See id.* ¶¶ 1, 3. Based on the face of Daniel's complaint the parties are not completely diverse, because Daniel is an Alabama resident and Prescription for Good Health Trust is an Alabama business with its principal place of business in Alabama. *See* Plaintiff's complaint, filed December 17, 1999, in the Circuit Court of Montgomery County, Alabama, ¶¶ 1–2. In their notice of removal, however, the defendants contend that Daniel improperly joined Prescription for Good Health Trust and that its citizenship may, therefore, be disregarded when determining diversity jurisdiction. *See* Defendants' notice of removal, filed January 24, 2000, ¶¶ 4, 9–15. Daniel does not disagree and does not move to remand based on the court lacking diversity jurisdiction over his claims. *See* Plaintiff's motion to remand, filed February 2, 2000.

**11.** *See* Defendants' brief in opposition to plaintiff's motion to remand, filed February 9, 2000, ¶ 2.

**12.** *See* Defendants' supplemental brief in opposition to plaintiff's motion to remand, filed February 15, 2000, ¶ 3. The defendants initially relied on Rule 6(a) to support their argument that their notice of removal was timely filed. *See* Defendants' brief in opposition to plaintiff's motion to remand, filed February 9, 2000, ¶ 4. According to the defendants, under Rule 6(a), the 30-day filing period began on December 23, 1999, and ended on January 22, 2000, a Saturday. *See id.* When the last day of a filing period is a Saturday, Sunday, or legal holiday the period runs through the next day which is not a Saturday, Sunday, or legal holiday. *See* Fed.R.Civ.P. 6(a). The defendants argued that they, therefore, had until the following Monday, January 24, 2000, to file their notice of removal. *See* Defendants' brief in opposition to plaintiff's motion to remand, filed February 9, 2000, ¶ 4. However, after Daniel showed that the 30-day filing period actually ended on Friday, January 21, 2000, not Saturday, January 22, 2000, *see* Plaintiff's brief in support of plaintiff's motion to remand, filed February 10, 2000, ¶¶ 5–6, the defendants abandoned their Rule 6(a) argument. *See* Defendants' supplemental brief in opposition to plaintiff's motion to remand, filed February 15, 2000.

**13.** *See id.* ¶ 4.

The issue of whether Rule 6(e) may be applied to extend the 30 day period prescribed by § 1446(b) for filing a notice of removal has not been addressed in the Eleventh Circuit Court of Appeals. However, the Eleventh Circuit addressed an analogous issue in *Norris v. Florida Department of Health and Rehabilitative Services,* 730 F.2d 682 (11th Cir.1984) (per curiam).

In *Norris,* the Eleventh Circuit considered whether Rule 6(e) extends by three days the 90–day period prescribed by a provision in Title VII of the Civil Rights Act of 1964, as amended—in particular, 42 U.S.C.A. § 2000e–5(f)(1)—which allows a plaintiff to file a lawsuit only after receiving a right-to-sue notice from the Equal Employment Opportunity Commission. *See* 730 F.2d at 682–83. The *Norris* court held that Rule 6(e) does not extend § 2000e–5(f)(1)'s 90–day filing period. *See id.* at 683. It reasoned:

> "[Rule 6(e) ] only applies when the service is by mail and must be understood in light of Fed.R.Civ.P. 5(b), which provides that '[s]ervice by mail is complete upon mailing.' The reason for the three additional days is to account for the time required for delivery of the mail. However, in the instant context, the 90–day time period commences ... upon receipt, and not upon the mailing of the right-to-sue notice. Thus, there is no reason to apply Rule 6(e)."

*Id.; see also Peete v. American Standard Graphic,* 885 F.2d 331, 331 (6th Cir.1989) (finding that the purpose of Rule 6(e) is " 'to protect parties who are served notice by mail from suffering a systematic diminution of their time to respond through the application of [Fed.R.Civ.P.] 5(b).' "); *Mosel v. Hills Dep't Store, Inc.,* 789 F.2d 251, 253 (3d Cir.1986) (per curiam) ("[Rule 6(e) ] applies only where a time period is measured from the date of service by mail, and allows a party so served additional time to respond, in order to account for the time required for delivery of the mail.").

*Norris*'s reasoning resolves the issue in the case at bar. Like the 90–day filing period prescribed by § 2000e–5(f)(1), the 30–day filing period prescribed by § 1446(b) does not begin to run until a defendant actually receives the relevant document, specifically, the plaintiff's complaint. Therefore, the purpose behind Rule 6(e)—accounting for the time required for delivery of the mail—is not implicated by § 1446(b). "The mailing time from [Daniel to the defendants] works absolutely no hardship [on the defendants]; therefore, no discernable purpose is served by applying Rule 6(e)." *Peete,* 885 F.2d at 331–32.

Furthermore, the great majority of courts to consider the issue have concluded that Rule 6(e) does not extend the statutory 30–day period for filing a notice of removal. *See, e.g., Mitchell v. Kentucky–American Water Co.,* 178 F.R.D. 140, 142 (E.D.Ky.1997); *Connors v. City of Philadelphia,* No. CIV. A. 94–2145, 1994 WL 198659, at *1 (E.D.Pa. May 20, 1994); *L & O Partnership No. 2 v. Aetna Cas. and Sur. Co.,* 761 F.Supp. 549, 550 (N.D.Ill. 1991); *Skidaway Assoc., Ltd. v. Glens Falls Ins. Co.,* 738 F.Supp. 980, 981 (D.S.C.1990); *Perrin v. Walker,* 385 F.Supp. 945, 948 (E.D.Ill.1974).

The defendants rely on *Orr v. Trina, Inc.,* No. C 93–4213 SC, 1994 WL 28028, (N.D. Cal. Jan 21, 1994), and *Whiting v. Hertling Industries, Inc.,* No. C–93–0217–DLJ, 1993 WL 69186, (N.D.Cal. Feb.26, 1993), to support their argument that Rule 6(e) extends by three days the statutory 30–day period in which to file a notice of removal.[14] In *Orr,* the District Court for the Northern District of California found that "[t]he limitation period [for filing a notice of removal] also must include three days pursuant to F.R.C.P. Rule 6(e) for a total of 33 days." 1994 WL 28028, at *1. The defendant in *Orr* "was served with the state court summons and complaint via certified mail deposited on October 18, 1993," and "actually received the summons and complaint on October 22, 1993." *Id.*

14. *See id.* ¶ 3.

The *Orr* court impliedly found that the 33–day period for filing the notice of removal commenced on October 18, 1993, the date the plaintiff mailed the complaint, not on October 22, 1993, the date the defendant received the complaint. *See id.* Similarly, in *Whiting,* the District Court for the Northern District of California found that, under § 1446(b) and Rule 6(e), the "defendants had thirty-three days from the time the amended complaint was mailed to file the notice of removal." 1993 WL 69186, *3. For the reasons already given, this court disagrees with the *Orr* and the *Whiting* courts' holdings that, first, Rule 6(e) should be applied to extend § 1446(b)'s 30 day-filing period and, second, the filing period begins on the date the plaintiff mails the complaint. Accordingly, *Orr* and *Whiting* do not help the defendants here.

The court therefore concludes that Rule 6(e) does not extend § 1446(b)'s 30–day period in which the defendants were required to file a notice of removal. Because the defendants filed their notice of removal 33 days after receiving Daniel's complaint, their notice of removal was not timely, and remand is proper.

■ Daniel also requests an award of $ 175 in attorney's fees under 28 U.S.C.A. § 1447(c).[15] Section 1447(c) provides, in relevant part, "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The decision whether to award attorney's fees under § 1447(c) is within the sole discretion of the trial court. *See Barton v. Lloyd's of London,* 883 F.Supp. 641, 642 (M.D.Ala.1995). Factors that may influence the court's discretion include whether the defendant has opposed the plaintiff's request for attorney's fees and whether the defendant has attested that it acted in good faith in removing the case. *See id.* at 643 n. 5.

■ In the case at bar, the defendants have not opposed Daniel's request for attorney's fees and have not attested that they acted in good faith in filing their

notice of removal. Therefore, the court finds that Daniel is entitled to recover $ 175 in attorney's fees from the defendants. *See Liebig v. DeJoy,* 814 F.Supp. 1074, 1077 (M.D.Fla.1993); *S.M. v. Jones,* 794 F.Supp. 638, 640 (W.D.Tex.1992); *cf. Barton,* 883 F.Supp. at 643 (denying plaintiff's request for attorney's fees under § 1447(c) because defendant objected to the award of such fees and attested that he acted in good faith in filing his notice of removal).

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that plaintiff Frank W. Daniel, Sr.'s motion to remand, filed February 2, 2000, is granted and that, under 28 U.S.C.A. § 1447(c), this cause is remanded to the Circuit Court of Montgomery County, Alabama.

It is further ORDERED that the defendants shall reimburse plaintiff Daniel $ 175 for the attorney's fees he incurred because of their improper removal of this lawsuit.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

---

**15.** *See* Plaintiff's motion to remand, filed February 2, 2000, at 2.