**JJJ CONSTRUCTORA Y AGREGADOS,**
**Plaintiff**

v.

**UNITED STATES FIDELITY & GUARANTY COMPANY, et al., Defendants.**

**Civil No. 06–2106 (FAB).**

United States District Court, D. Puerto Rico.

Dec. 18, 2006.

Nelson Rivera–Cabrera, Nelson Rivera Cabrera Law Office, San Juan, PR, for Plaintiff.

Norah E. Fernandez–Vallejo, Alvarado, Vinas & Fernandez PSC, San Juan, PR, for Defendants.

## MEMORANDUM AND ORDER

FRANCISCO A. BESOSA, District Judge.

Through this action, Defendants are attempting to remove this case from the state courts pursuant to 28 U.S.C. §§ 1441 and 1446. For the reasons discussed below, this case is **REMANDED** to the Puerto Rico Court of First Instance, San Juan Division.

## I. FACTUAL BACKGROUND

On September 29, 2006, JJJ Constructora y Agregados filed a complaint against United States Fidelity & Guaranty Company and St. Paul Travelers, ("Defendants"), in the Puerto Rico Court of First Instance, San Juan Division (Docket No. 1, Exh. # 4). On October 4, 2006, Defendants were served with copy of the complaint and summons. (Docket No. 1, Exh. 6).

On November 6, 2006, the defendants filed a Notice of Removal, attempting to remove the case to this Court, pursuant to 28 U.S.C. §§ 1441 and 1446. (Docket No. 1)

## II. DISCUSSION

■ As courts of limited jurisdiction, federal courts have the duty of construing jurisdiction-granting statutes strictly. See, e.g., *Alicea–Rivera v. SIMED*, 12 F.Supp.2d 243, 245 (D.P.R.1998).

Pursuant to 28 U.S.C. § 1446(b), the party attempting removal must file the notice of removal of a civil action or proceeding **"within thirty days** after the re-

ceipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.", *Id.* (emphasis added).

■ Though not jurisdictional, the thirty-day time limitation to file a notice of removal must be strictly construed, *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108, 61 S.Ct. 868, 85 L.Ed. 1214 (1941), and is not subject to an extension by consent of the parties or order of the Court. *See, Barton v. Lloyd's of London*, 883 F.Supp. 641, 642 (M.D.Ala.1995); *Liebig v. DeJoy*, 814 F.Supp. 1074, 1076 (M.D.Fla.1993).

■ In calculating the thirty-day period for filing a notice of removal, the date on which the defendant receives the summons and complaint is excluded from the computation. *See* Fed.R.Civ.P. 6(a). Here, it is undisputed that the defendants were served with copy of the complaint and summons on October 4, 2006 (See, Docket No. 1). Under the computation method provided by Rule 6(a), the thirty-day time limit began to run on October 5, 2004 and the last day for a timely notice of removal was Friday, November 3, 2006, thirty days after October 4, 2006. The defendants, however, filed their notice of removal on the 33rd day, that is on Monday, November 6, 2006 [1]. Therefore, under 28 U.S.C. § 1146(b), the Notice of Removal was filed outside of the thirty-day period, and remand is proper.

Accordingly, it is **ORDERED** that this cause be and the same is hereby **REMANDED** to the Puerto Rico Court of First Instance, San Juan Division. The Initial Scheduling Conference scheduled

---

**1.** Thirty days means thirty days, not one month. *See, In re Lynch's Estate*, 123 Utah 57, 254 P.2d 454 (1952) ("one month is a calendar month, not a lunar month, nor is it necessarily 30 days.")

for December 19, 2006 at 9:00 a.m. is hereby **VACATED.**

**IT IS SO ORDERED.**