**Lillian Lenora McCALE, Plaintiff,**

v.

**The UNION LABOR LIFE INSURANCE COMPANY, Defendant.**

Civ. A. No. 6:94–0922.

United States District Court,
S.D. West Virginia,
Parkersburg Division.

March 31, 1995.

David M. Goldenberg, Goldenberg, Goldenberg & Stealey, Parkersburg, WV, for plaintiff.

Mary H. Sanders, Huddleston, Bolen, Beatty, Porter & Copen, Charleston, WV, for defendant.

### *MEMORANDUM OPINION AND ORDER*

HADEN, Chief Judge.

Pending are both parties' motions for partial summary judgment. The issue to be decided in regard to both motions is simply whether the Employee Retirement Income

---

Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, preempts state law claims concerning claims arising under an individual insurance policy converted from a group policy.

Plaintiff's decedent, William M. McCale, was originally insured under a group life insurance policy issued to the Trustees of the International Union of Operating Engineers Local 132 Health and Welfare Fund. That group policy allowed Decedent to exercise a "conversion" option if his interest in the group plan ended. In fact, his interest in the group plan did end, and Decedent exercised his conversion option and was issued an individual life insurance policy. Apparently, at some point thereafter, the converted individual policy lapsed, and Decedent applied for reinstatement of the policy. The policy was thereafter reinstated.

When Decedent passed away, Plaintiff, the Decedent's widow and beneficiary under the converted individual policy, sought to recover benefits. The Defendant denied her request on the grounds the Decedent failed to reveal pertinent required medical information when he applied for reinstatement of the converted individual policy. Plaintiff then filed the instant action claiming, *inter alia*, violations of the West Virginia Unfair Trade Practices Act and breach of a common law duty of good faith and fair dealing under state law.

At a December 19, 1994 Scheduling Conference, the parties agreed to submit the issue of ERISA preemption to the Court by way of motions for partial summary judgment. The Court has considered the motions and responses and this matter is mature for adjudication.

■ As a preliminary matter, it is beyond cavil the reach of the ERISA preemption clause is unparalleled by other federal statutes and its provisions are given very broad effect. State laws, however, are superseded only where they "relate to" an employee benefit plan. As stated by this Court in *Tobin v. Ravenswood Aluminum Corporation*, 838 F.Supp. 262, 268 (S.D.W.Va.1993):

"Under ERISA ... state law is preempted to the extent it relates to any employee benefit plan. 29 U.S.C. § 1144(a). State law 'relates to' an employee benefit plan 'if it has a connection with or reference to such a plan.' *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96–97, 103 S.Ct. 2890, 2900, 77 L.Ed.2d 490 (1983). ERISA preemption must be given broad effect because of what the Court of Appeals of this Circuit has characterized as 'the unparalleled breadth of ERISA's preemption provision.' *Holland v. Burlington Industries, Inc.*, 772 F.2d [1140], 1147 (4th Cir.1985)." (footnote omitted).[1]

*Accord Fox v. General Motors Corp.*, 859 F.Supp. 216, 218 (S.D.W.Va.1994) (Haden,

---

1. The Supreme Court attempted to define the parameters of ERISA's application in *Fort Halifax Packing Co., Inc. v. Coyne*, 482 U.S. 1, 19, 107 S.Ct. 2211, 2221, 96 L.Ed.2d 1, 16 (1987), where it stated:

"The argument that ERISA pre-empts state laws relating to certain employee benefits, rather than employee benefit plans, is refuted by the express language of the statute, the purposes of the pre-emption provision, and the regulatory focus of ERISA as a whole. If a State creates no prospect of conflict with a federal statute, there is no warrant for disabling it from attempting to address uniquely local social and economic problems." (footnote omitted; emphasis in original).

*See United Wire, Etc. v. Morristown Memorial Hospital*, 995 F.2d 1179 (3rd Cir.) *cert. denied*, — U.S. —, 114 S.Ct. 382, 126 L.Ed.2d 332 (1993), for an excellent description of the varying factors to be considered when determining whether a state law is preempted by ERISA. The Court stated:

"A rule of [state] law relates to an ERISA plan [and is therefore preempted] if it is specifically designed to affect employee benefit plans, if it singles out such plans for special treatment, or if the rights or restrictions it creates are predicated on the existence of such a plan.

\*     \*     \*     \*     \*     \*

"This does not end [the] inquiry, however. A state rule of law may be preempted even though it has no ... direct nexus with ERISA plans if its effect is to dictate or restrict the choices of ERISA plans with regard to their benefits, structure, reporting and administration, or if allowing states to have such rules would impair the ability of a plan to function simultaneously in a number of states." (footnotes omitted). 995 F.2d at 1192–93.

*See also* 29 C.F.R. § 2510.3 (1975) (defining certain types of plans as clearly exempt from ERISA's purview).

C.J.). *See Phoenix Mutual Life Ins. Co: v. Adams,* 30 F.3d 554, 558 (4th Cir.1994) ("ERISA's provisions preempt all state laws that "relate to" any employee benefit plan. 29 U.S.C. § 1144(a).").

■ Simply stated, Plaintiff argues her decedent's life insurance policy was not related to an employee benefit plan because it was converted from part of a group plan to an individual plan when the Decedent's interest in the group plan ended. Defendant argues the individual policy still relates to an employee benefit plan because the option to convert the Decedent's interest in the group plan policy arose from the employee benefit plan.

The published caselaw on this issue is mixed. The Ninth Circuit Court of Appeals has held a policy converted from a group plan to an individual policy by virtue of an option granted by an employee benefit plan is related sufficiently to the group plan to invoke ERISA preemption. *Greany v. Western Farm Bureau Life Ins. Co.,* 973 F.2d 812, 817 (9th Cir.1992) (where a group plan is governed by ERISA and the policyholder would not be eligible for the conversion policy but for the previous group plan coverage, "individual conversion benefits are part of the ERISA plan and are thus governed by ERISA."). *See Beal v. Jefferson–Pilot Life Ins. Co.,* 798 F.Supp. 673, 675 (S.D.Ala.1992); *Nechero v. Provident Life & Acc. Ins. Co.,* 795 F.Supp. 374, 380 (D.N.M.1992) (where conversion policy arises from policyholder's employment relationship with group plan provider, and where group plan provider provides administrative assistance regarding implementation of the individual policy, ERISA governs the policy); *Rasmussen v. Metropolitan Life Ins. Co.,* 675 F.Supp. 1497, 1506–07 (W.D.La.1987).

Plaintiff relies exclusively on the district court holding in *Mimbs v. Commercial Life Ins. Co.,* 818 F.Supp. 1556, 1561 (S.D.Ga. 1993), where the Court distinguished "between claims arising from the *right* to convert to an individual policy and claims arising from the *conversion policy itself.*" (emphasis added). The *Mimbs* Court stated:

"The conversion coverage itself, should the former employee elect to convert, is for an individual as opposed to a class of beneficiaries. There is no showing that the conversion coverage in this case contains the requisite elements of an ERISA plan. Furthermore, once conversion has occurred and the policy is in force, there is no longer any 'integral connection' between the individual conversion policy and the ERISA plan that gave rise to the right to convert."

*Cf., Glass v. United of Omaha Life Ins. Co.,* 33 F.3d 1341, 1346–47 (11th Cir.1994) (declining to decide the issue).

Although our Court of Appeals has not had occasion to address this issue, one district court in this Circuit has done so. In *Vaughn v. Owen Steel Co., Inc.,* 871 F.Supp. 247, 248–49 (D.S.C.1994) the Court addressed the same scenario faced here and stated:

"The Fourth Circuit has not ruled whether a claim for life insurance against a private insurer, which arose under a conversion clause, is an ERISA claim. The circuits are split; most reported cases, at any rate, deal with continuation health coverage.

"Defendants assert that once ERISA, always ERISA. Plaintiffs assert that, while the right to a policy arose under the Plan, whether or not the policy issued, and any question of its breach, does not relate to the Plan and is not preempted by ERISA."

Citing *Mimbs, supra,* the *Vaughn* Court found merit in the distinction between claims arising out of the right to conversion coverage, and claims arising from the coverage itself:

"[I]ssues concerning the availability of a conversion policy, or continuation coverage, or the formation of an individual contract of insurance, are all preempted by ERISA. [However, where the insurer] contract[s] with the [policyholder] for an individual policy, then any further issues concerning a breach of that policy are not preempted by ERISA and shall be decided ... according to state law[.]" *Id.* at 249.

This Court agrees with the reasoning of *Vaughn,* the only court in this Circuit to address the issue. ERISA is designed to preempt state law insofar as the state law

relates to an employee benefit plan. Although the right to convert insurance coverage held under a group plan into an individual policy arises by virtue of the group plan, once the policy is converted it is exactly what it purports to be—an *individual* policy—it is no longer part of the employee benefit plan because it has been *converted*.[2] Attachment of ERISA preemption to an individual plan simply because the right to the coverage arose under a group plan would extend ERISA's reach beyond the employee benefit plan. Therefore, the Court concludes claims arising under the conversion policy itself, and not from the right to the conversion policy, are not preempted by ERISA and are governed by state law.

Based upon the foregoing, Plaintiff's motion for partial summary judgment is **GRANTED** and Defendant's motion for partial summary judgment is **DENIED**.

---

**2.** It is of no consequence that Plaintiff's claims may be impacted by the Decedent's application for reinstatement of the conversion policy. The policy had already been converted into an individual policy when the application for reinstatement was made.