**Wayne LOUDERMILCH, et al., Plaintiffs,**

v.

**The NEW ENGLAND MUTUAL LIFE INSURANCE COMPANY, et al., Defendants.**

**Civil Action No. 96–0228–BH–M.**

United States District Court, S.D. Alabama, Southern Division.

Oct. 21, 1996.

Larry U. Sims, Mobile, AL, for Wayne Loudermilch, Anne Loudermilch, Southtrust Bank.

Forrest S. Latta, Mobile, AL, for New England Mutual.

Edward A. Dean, Mobile, AL, for Woodrennen Associates, Inc., William T. Wood, Daniel E. Drennen, II.

## ORDER

HAND, Senior District Judge.

This action is before the court on plaintiffs' motion to remand (Tab 9) which is predicated on plaintiffs' assertion that their claims are not preempted by ERISA. Upon consideration of the motion, defendants' response in opposition thereto (Tabs 14 as adopted by the remaining defendants at Tab 16) and pertinent portions of the record, the court concludes that the motion is due to be granted.

In 1968, plaintiff Wayne Loudermilch (Loudermilch) founded America's Best, Inc. (America's Best) and was its President and sole stock owner. In 1971, Mr. Loudermilch set up a pension plan for himself and certain eligible employees of America's Best. Plaintiff Southtrust Bank of Mobile is the Trustee of the pension plan. In 1984, Mr. Loudermilch sold all of his stock in America's Best to a group of investors. At the time of this sale, all of the benefits in the pension plan had vested for Mr. Loudermilch and all other participants. America's Best made no further contributions to the pension plan after the sale in 1984. Since 1984, Mr. Loudermilch has not occupied any office or other employment with America's Best.

In 1991, the pension plan established by America's Best was amended to be a profit-sharing plan which then purchased, with plan

assets, a life insurance policy (No. 8679897) from defendant New England Mutual Life Insurance Company (New England) insuring the lives of both Wayne Loudermilch and his wife, plaintiff Anne Loudermilch. The profit-sharing plan is designated as the owner and the beneficiary of the policy which, according to the defendants, provides a death benefit as well as accumulating cash value.

The present action was filed in the Circuit Court of Mobile County by both the Trustee of the profit-sharing plan and the individuals insured under the subject life insurance policy, alleging that defendants fraudulently represented to Wayne Loudermilch that premiums for the New England life insurance policy would only have to be paid until he reached 59½ and that thereafter no additional premium payments would be due on the policy. Plaintiffs assert only state law tort claims against the defendants. On March 7, 1996, defendants removed the action to this court contending that plaintiffs' state law claims are preempted by the statutory remedies authorized by Congress under the civil enforcement provisions of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1132. According to the defendants, a conclusion that ERISA preempts plaintiffs' claims is mandated by the mere fact that America's Best plan was established as an ERISA plan, its assets were used to pay the premiums thus far due for the subject life insurance policy and the policy is now owned by the plan. Defendants characterize plaintiffs' claims essentially as claims for benefits under the plan.[1] Defendants also recognize, however, that "one of plaintiffs' complaints is that Loudermilch may in the future have to begin payments on the life insurance contract with his own money, outside of the America's Best plan."

■ Upon consideration of the parties' respective arguments, the court first concludes that the America's Best pension plan was never an ERISA plan as applied to Wayne Loudermilch inasmuch as he was the sole share owner of the company and not an employee. *Fugarino v. Hartford Life & Accident Ins. Co.*, 969 F.2d 178, 186 (6th Cir. 1992), *cert. denied*, 507 U.S. 966, 113 S.Ct. 1401, 122 L.Ed.2d 774 (1993) ("Only 'participants' and 'beneficiaries' as defined by ERISA have standing to recover benefits under ERISA ... An 'employee' and 'employer' are plainly meant to be separate entities under ERISA ... Thus, a sole proprietor or sole shareholder of a business [and his dependants] must be considered an employer and not an employee of the business for purposes of ERISA."); *Kwatcher v. Massachusetts Service Employees Pension Fund*, 879 F.2d 957, 959–63 (1st Cir.1989) ("The language of Part I, its legislative history, and the appurtenant regulations all reflect the conclusion that sole shareholders are 'employers,' and therefore cannot be 'employees' for purposes of plan participation. The weight of the better-reasoned caselaw is in accord, and the policies which undergird ERISA are more effectively served by such a rule."); *Giardono v. Jones*, 867 F.2d 409, 411 (7th Cir.1989) (Rejected the assertion that "the [ERISA] definition of a plan participant encompass[es] a former employee who has become an employer."); *Brech v. Prudential Ins. Co. of America*, 845 F.Supp. 829, 832 (M.D.Ala.1993) ("[S]ole shareholders are 'employers,' and therefore cannot be 'employees' for purposes of plan participation."); and *Kelly v. Blue Cross & Blue Shield*, 814 F.Supp. 220, 228–29 (D.R.I.1993) ("Although [the company] bought [its owner's] policy in the same manner as it purchased policies for its employees, in order to strictly 'divorce owner-employees from plan participation,' her policy should not be treated as part of the employee benefit plan. Rather, since corporations can purchase insurance for persons who, under ERISA, are considered employers, the Court determines that [the company's] payment of premiums to Blue Cross on behalf of [its owner] created a contractual relationship governed by state laws."). Consequently, for this reason alone ERISA does not preempt plaintiffs' claims and the case is due to be remanded.

---

**1.** Defendants specifically contend that in this action "[t]he trustee (Southtrust Bank) and two participants or beneficiaries are suing the sellers of a life insurance contract which plaintiffs contend is not performing as they expected." New England's Opposition Brief at p. 1.

Even had the court adopted the minority view that a sole owner may be a participant in a plan which is preempted by ERISA, as espoused by the defendants, the court would nonetheless be compelled to conclude that the sale of the company in 1984 removed the America's Best pension plan from the rubric of ERISA. Following the sale, America's Best made no further contributions to the plan and had no further involvement with the plan. All benefits within the plan had vested in the participants at the time America's Best was sold. Mr. Loudermilch, through the plan's Trustee, merely converted these vested benefits to an individual life insurance policy. The question therefore becomes analogous to that addressed in *Glass v. United of Omaha Life Ins. Co.*, 33 F.3d 1341, 1346 (11th Cir.1994), namely "whether a[n] [insurance] policy that is initially governed by ERISA can undergo a transformation such that it is no longer part of an ERISA plan." Although the Eleventh Circuit concluded in *Glass* that "we need not decide whether conversion of a policy might defeat ERISA coverage in other circumstances [because] [the former employee's] ability to obtain the converted life insurance policy [at issue] arose from the ERISA plan, and the converted policy itself continued to be integrally linked with the ERISA plan," the court took pains to distinguish *Glass* from *Mimbs v. Commercial Life Ins. Co.*, 818 F.Supp. 1556, 1561 (S.D.Ga.1993), in which it was held that while ERISA governed claims arising from the COBRA[2] right to convert the policy to an individual policy, state law governed the claims arising from the converted policy itself. Such principles are equally applicable to the case at bar and would constitute grounds for remand.

Apart from the above, the court nonetheless concludes that remand would be appropriate because plaintiffs' claims relate only to the insurance policy purchased in 1991 and not to the America's Best pension plan. Plaintiffs' state law claims do not seek "to recover benefits due [Wayne or Anne Loudermilch] under the terms of the [America's Best] plan, to enforce [their] rights under the terms of the [America's Best] plan, or to clarify [their] rights to future benefits under the terms of the [America's Best] plan." 29 U.S.C. § 1132(1)(B). Plaintiffs are not in this action suing a plan, its administrator or any person or entity associated with the pension plan established by America's Best. Resolution of plaintiffs' state law claims will have no affect on the relations among America's Best, Inc., the America's Best pension plan, the plan's Trustee and Wayne and Anne Loudermilch, as the alleged ERISA principals in this case. The terms of the America's Best pension plan are entirely irrelevant to the state law claims asserted by the plaintiffs.[3] Under these circumstances, ERISA does not preempt plaintiffs' claims and this action is indistinguishable from the tenets applied by the Eleventh Circuit in *Lordmann Enterprises, Inc. v. Equicor, Inc.*, 32 F.3d 1529, 1533 (11th Cir.1994) ("ERISA does not preempt 'run-of-the-mill' claims by non-ERISA entities against ERISA plans), and *Forbus v. Sears Roebuck & Co.*, 30 F.3d 1402, 1405 and 1407 (11th Cir.1994) ("[T]he mere existence of an ERISA plan is not enough for preemption. Rather, the state law in question must make reference to or function with respect to the ERISA plan in order for preemption to occur.... The Alabama fraud statute at issue in this case does not require the establishment or maintenance of an ongoing plan, makes no reference to an ERISA plan, and functions irrespective of any such plan." *See also, Hospice of Metro Denver v. Group Health Ins. of Oklahoma, Inc.*, 944 F.2d 752, 756 (10th Cir.1991) and *Memorial Hospital System v. Northbrook Life Ins. Co.*, 904 F.2d 236, 245 n. 14 (5th Cir.1990), each cited with approval by the Eleventh Circuit in *Lordmann*, 32 F.3d at 1533, and in each of which it was held that "[a] state law claim which does not affect the 'relations among the principal ERISA enti-

---

2. COBRA refers to the Consolidated Omnibus Budget Reconciliation Act, 29 U.S.C. § 1161 *et seq.*, that amended ERISA by requiring ERISA plans to provide conversion rights to plan participants for health insurance benefits.

3. Inasmuch as it is irrelevant whether the America's Best pension plan was established in 1971 as an ERISA plan, the court concludes and it is therefore **ORDERED** that defendants' motion for limited discovery (Doc. 13 and Doc. 15) is due to be and is hereby **DENIED**.

ties, the employer, the plan, the plan fiduciaries, and the beneficiaries' as such, is not preempted by ERISA."

For each of the above independent reasons, the court concludes and it is therefore **ORDERED** that plaintiffs' motion to remand is due to be and is hereby **GRANTED.** The Clerk of this court is directed to take such steps as are necessary to remand this action to the Circuit Court of Mobile, Alabama, from whence it was removed.