ALACARE HOME HEALTH SERVICES,
INC., Plaintiff,

v.

The PRUDENTIAL INSURANCE
COMPANY, et al.,
Defendants.

Civil Action No. 96–C–1613–N.

United States District Court,
M.D. Alabama,
Northern Division.

March 4, 1997.

Ronald Otto Gaiser, Jr., Gaiser & Associates, P.C., Birmingham, AL, for Alacare Home Health Services, Inc.

M. Christian King, Wynn Miles Shuford, Lightfoot, Franklin & White, L.L.C., Birmingham, AL, for Prudential Ins. Co. of America.

Clarence M. Small, Jr., Rives & Peterson, Birmingham, AL, for James Holland Powell, Jr.

### ORDER

CARROLL, United States Magistrate Judge.

On September 17, 1996, plaintiff, Alacare Home Health Services, Inc. ("Alacare"), commenced this action in the Circuit Court of Chilton County, Alabama, against The Prudential Insurance Company of America ("Prudential"), James Holland Powell and several fictitious entities.[1] Alacare alleged causes of action in misrepresentation, suppression of material facts and breach of contract related to bonus life insurance and retirement benefit plans offered by Prudential. Before removal, plaintiff filed an amended complaint which did not include the breach of contract cause of action and did not allege any new causes of action.

On October 28, 1996, Prudential removed plaintiff's action to this court. Powell joined in the removal. See Notice of Joinder in and Consent to Removal, filed November 1, 1996. Defendants contend that removal is proper pursuant to 28 U.S.C. § 1441 because this court has original federal question jurisdic-

---

1. The identity of the fictitious defendants is not relevant to the resolution of this matter. 28 U.S.C. § 1441(a).

tion. *See* 28 U.S.C. § 1331. Defendants argue that plaintiff's claims "arise solely under, and are governed exclusively by, the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.*" which operates to convert plaintiff's state law claims into federal claims. Plaintiff argues that ERISA does not govern its claims because Prudential is not an ERISA entity as contemplated under the statute. Accordingly, plaintiff moves to remand this action to state court.

For the reasons discussed below, the court finds that plaintiff's motion to remand filed November 4, 1996 is due to be granted.

■ A civil state court action may be removed to federal court based upon federal question jurisdiction if the action is "founded on a claim or right arising under the ... laws of the United States." 28 U.S.C. § 1441(b). Even when a complaint alleges state law claims, if the claims relate to an area of law that is completely preempted by federal law, that action may be removed to federal court based on federal question jurisdiction. *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 815, 106 S.Ct. 3229, 3236, 92 L.Ed.2d 650 (1986). The ERISA statute has such preemptive powers because its provisions supersede any and all state laws that "relate to" any and all employee benefit plans.[2] 29 U.S.C. § 1144(a). Because the statute does not define the term "relate to," however, there has been much judicial interpretation of when ERISA's preemptive effect is applicable. *See New York Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 115 S.Ct. 1671, 131 L.Ed.2d 695 (1995); *Ingersoll–Rand Co. v. McClendon*, 498 U.S. 133, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987); *Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 105 S.Ct. 2380, 85 L.Ed.2d 728 (1985); *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983); *Alessi v. Raybestos–Manhattan, Inc.*, 451 U.S. 504, 101 S.Ct. 1895, 68 L.Ed.2d 402 (1981). Based upon a

review of the legislative and judicial history of ERISA preemption, the Eleventh Circuit has ruled that state law claims brought against a non-ERISA entity which do not affect relations among the principal ERISA entities as such, are not subject to preemption under ERISA. *Morstein v. National Ins. Services, Inc.*, 93 F.3d 715, 722 (11th Cir.1996), *cert. denied*, —— U.S. ——, 117 S.Ct. 769, 136 L.Ed.2d 715 (1997). *See also Hospice of Metro Denver v. Group Health Ins. of Oklahoma, Inc.*, 944 F.2d 752, 756 (10th Cir.1991); *Perkins v. Time Ins. Co.*, 898 F.2d 470, 473 (5th Cir.1990). Accordingly, the determination whether ERISA preempts plaintiffs' claims in this action turns on the determination whether the defendants are "ERISA entities." *See Culpepper v. Protective Life Ins. Co.*, 938 F.Supp. 794, 801 (M.D.Ala.1996).

ERISA entities are the employer, the plan, the plan fiduciaries, and the beneficiaries under the plan. *Morstein*, 93 F.3d at 722. Defendants suggest that it is "ludicrous" of plaintiff to suggest that Prudential is not an "ERISA entity." However, the only evidence that defendants submit regarding the duties and responsibilities of Prudential is a letter response to the court wherein counsel states

> ... the Prudential policies that were purchased as part of the bonus life insurance plan were actually issued by Prudential. Prudential is not merely performing administrative functions regarding these policies but is actually responsible for paying benefits under the policies.

Letter from Wynn M. Shuford, Esq., Lightfoot, Franklin & White, L.L.C., dated January 29, 1997. Prudential also submitted the affidavit of Powell with its notice of removal. Interestingly, the substance of the affidavit emphasizes Alacare's responsibilities regarding the plan.

Since this action is not against the plan, the only ERISA entity category which Prudential could fit is plan fiduciary. ERISA defines a fiduciary as one who "exercises any discretionary authority or discretionary con-

---

**2.** There is no dispute that the subject bonus life insurance plan that plaintiff purchased is an em-

ployee benefit plan regulated by ERISA.

trol respecting management of [a] plan or exercises any authority or control respecting management or disposition of its assets;" "renders investment advise for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so," or "has any discretionary authority or discretionary responsibility in the administration of such plan." 29 U.S.C. § 1002(21)(A). Prudential does not automatically fit within the fiduciary category merely because it was responsible for paying benefits. *Baker v. Big Star Div. of the Grand Union Co.*, 893 F.2d 288, 290 (11th Cir.1989). Moreover, there is no evidence before the court which demonstrates that Prudential's authority over the plan it issued Alacare was as a fiduciary. The most competent evidence would have been the policy which was not submitted by either party. *See* 29 U.S.C. § 1102(a)(ERISA provision requiring that fiduciary be named in the employee benefit plan); *see also Swint v. Protective Life Ins. Co.*, 779 F.Supp. 532, 555 (S.D.Ala.1991). The failure to clearly establish itself as a fiduciary falls against Prudential since defendants have the burden of establishing removal jurisdiction. *McDonald v. Professional Ins. Corp.*, 946 F.Supp. 943, 945 (M.D.Ala. 1996). *See also Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1356 (11th Cir. 1996). The court, therefore, concludes that Prudential, in this case, is not being sued in its capacity as an "ERISA entity."

■ In fact, since plaintiff amended the complaint and deleted the breach of contract cause of action, there is no claim against Prudential directly. Additionally, since the complaint does not include a breach of contract claim, or any allegations that Prudential refused to pay benefits, there is no claim against the plan. The causes of action in this complaint are based on theories of fraud only. Specifically, plaintiff avers that Powell engaged in fraudulent conduct while acting in the line or scope of his employment with Prudential. Accordingly, any liability that may lie against Prudential would arise under

theories of agency.[3] *See Land & Assoc., Inc. v. Simmons,* 562 So.2d 140 (Ala.1989), *cert. denied,* 499 U.S. 918, 111 S.Ct. 1305, 113 L.Ed.2d 240 (1991). The law is clear that fraud claims against an insurance agent who solicits participation in an ERISA plan are not preempted under ERISA. *Morstein,* 93 F.3d at 722; *HealthAmerica v. Menton,* 551 So.2d 235 (Ala.1989), *cert. denied,* 493 U.S. 1093, 110 S.Ct. 1166, 107 L.Ed.2d 1069 (1990). It is a reasonable extension of that legal standard that claims against the agency employer of that agent, based on the agency's status as employer only, should not be preempted since such claims do not "affect the relations among the principal ERISA entities as such."

In permitting state law claims to lie against insurance agents who solicit participants for ERISA plans the Eleventh Circuit reasoned that these agents should be held accountable if they make fraudulent representations in the same way as agents who service individuals and entities not governed by ERISA. *Morstein,* 93 F.3d at 723. The court viewed the elimination of such disparity as "level[ing] the playing field." *Id.* Additionally, since "Congress enacted ERISA to protect the interests of employees and other beneficiaries of employee benefit plans, ... [t]o immunize insurance agents from personal liability for fraudulent misrepresentation regarding ERISA plans would not promote this objective." *Id.* (citations omitted). Therefore, since the court leveled the playing field for agents, the field should remain level for potential liability against the agency for claims premised on the principal and agent's relationship. Accordingly, plaintiff's claims in this action against defendants Powell and Prudential are not within the purview of claims subject to preemption under ERISA.

For the foregoing reasons, it is hereby ORDERED that plaintiff's motion to remand filed November 4, 1996 be and is GRANTED. The Clerk of this court is DIRECTED to take the steps necessary to effectuate the remand of this case to the Circuit Court of

---

**3.** Since this action does not include a breach of contract claim against the insurer it is distinguishable from *Perkins v. Time Ins. Co.*, 898 F.2d 470, 473 (5th Cir.1990) wherein ERISA preempt-

ed the claim against the insurer. Additionally, given this distinction, this court's ruling and *Culpepper* are not inapposite.

Chilton County, Alabama, on the fifteenth day following the filing of this order.