**Ralph MIZRAHI, Plaintiff,**

v.

**PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY, Defendant.**

**No. 97–2224–CIV.**

United States District Court, S.D. Florida.

Jan. 30, 1998.

Michael M. Tobin, Coral Gables, FL, for Plaintiff.

Gregory L. Denes, Shutts & Bowen, Miami, FL, for Defendant.

## ORDER OF REMAND

MORENO, District Judge.

THIS CAUSE came before the court upon Defendant's Second Notice of Removal, filed on July 16, 1997, and Plaintiff's Motion to Remand, filed on August 19, 1997.

THE COURT has considered the notice, motion, response, and the pertinent portions of the record, and is otherwise fully advised in the premises. Because the Court concludes that the insurance plan being sued upon here is outside the scope of ERISA coverage, the Court grants the Plaintiff's Motion to Remand.

### Background

On February 19, 1997, the Court remanded this case to state court, finding that because the Plaintiff was the sole proprietor of the rent-a-car business that made the payments on the Plaintiff's insurance policy, the policy was not an "employee benefit plan" within the meaning of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. ("ERISA"). Since that time, Defendant has propounded discovery showing that, at one point, policies under the plan were issued to employees other than the Plaintiff. Based on those facts, Defendant filed a Second Notice of Removal. Plaintiff, however, in his sworn affidavit states that Plaintiff initially purchased the policy as an individual disability income policy. Plaintiff concedes that other individuals obtained disability coverage from Defendant later. However, any persons other than the Plaintiff obtaining disability coverage from the Defendant dropped their coverage no later than

March 18, 1992, when the rent-a-car business went into Chapter 7 Bankruptcy. Plaintiff continued his individual coverage and made the payments on that policy from his personal checking account from that time until the date he was injured and became disabled, July 19, 1992.

### Legal Analysis

The Eleventh Circuit has noted that the issue of "whether a policy that is initially governed by ERISA can undergo a transformation such that it is no longer part of an ERISA plan" is one of first impression in this circuit. Glass v. United of Omaha Life Ins. Co., 33 F.3d 1341, 1346 (11th Cir.1994). Although the court there held that ERISA governed a converted policy when the former employee's ability to obtain the converted policy continued to be integrally linked with the original plan, the court did not decide whether conversion of a policy might defeat ERISA coverage in other circumstances. Id. The Eleventh Circuit took great pains to distinguish Glass from Mimbs v. Commercial Life Ins. Co., 818 F.Supp. 1556, 1561 (S.D.Ga. 1993), where it was held that while ERISA governed claims arising from the COBRA[1] right to convert the policy to an individual policy, state law governed the claims arising from the converted policy itself. Based on those decisions, one district court in this Circuit has held that where the employer-company contributing to the ERISA plan is sold, makes no further contributions to the participant's plan, and has no further involvement in the plan, the plan converts to an individual insurance policy outside the rubric of ERISA. Loudermilch v. New England Mutual Life Ins. Co., 942 F.Supp. 1434, 1437 (S.D.Ala.1996).

The facts of this case are nearly identical. Here the employer contributing to the plan went into Chapter 7 bankruptcy and ceased to exist. None of the beneficiaries of the policy continued their coverage except for the Plaintiff, who continued to make his monthly payments from his own personal checking account. His former employer had no further involvement in the plan. Even

---

1. COBRA refers to the Consolidated Omnibus Budget Reconciliation Act, 29 U.S.C. § 1161 et seq., that amended ERISA plans to provide conversion rights to plan participants for health insurance benefits.

assuming that Plaintiff's policy was at one point governed by ERISA, at the time the Plaintiff was injured, his policy with the Defendant was more akin to that of a private person contracting for individual insurance coverage. The Court agrees with the *Loudermilch* decision that under such circumstances, individual insurance policies fall outside the scope of ERISA coverage and are governed exclusively by state law.

### Conclusion

For the reasons stated above, the Court finds that the Plaintiff's insurance policy is not regulated by ERISA. There being no federal question sufficient to invoke this Court's jurisdiction, the Defendant's second removal was improper. Accordingly, it is

ADJUDGED that the Plaintiff's motion to remand is GRANTED. This cause is REMANDED to the Circuit Court of the Eleventh Judicial Circuit in and for Dade County, Florida. Any pending motions are accordingly DENIED as moot.